UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| MICHAEL MORALES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case Nos. 1:05-cv-354 / 1:04-cr-72 |
| | ) | Judge Edgar |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | | |

**MEMORANDUM AND ORDER**

Federal prisoner Michael Morales has made a *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255. After reviewing the record, the Court concludes the motion is without merit and it will be denied. The record shows that Morales is not entitled to relief under 28 U.S.C. § 2255 and there is no need for an evidentiary hearing.

**I.    Respondent's Motion To Supplement Record**

Respondent moves for leave to supplement the record by submitting the affidavit of attorney LaFonda Jones. Ms. Jones is a former Assistant Federal Public Defender who represented Morales in this criminal case. Morales has not objected and the Court deems him to have waived opposition to the motion. For good cause shown, the respondent's motion to supplement the record [Doc. No. 18] is **GRANTED**. The Court will consider the affidavit of LaFonda Jones.

**II.   Standard of Review**

28 U.S.C. § 2255(a) provides that a federal prisoner may make a motion to vacate, set aside,

1

or correct his judgment of conviction and sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. As a threshold standard, to obtain post-conviction relief under § 2255 a motion must allege: (1) an error of constitutional magnitude; (2) a sentence was imposed outside the federal statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003); *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

Morales bears the burden of pleading and demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Reed v. Farley*, 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

To warrant relief under § 2255 based on an alleged non-constitutional error, Morales bears the burden of establishing a fundamental defect in the criminal proceedings which necessarily resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process of law. *Hill v. United States*, 368 U.S. 424, 428 (1962); *Watson*, 165 F.3d at 488; *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998); *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990).

A § 2255 motion is not a substitute for a direct appeal and it cannot do service for an appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *United States v. Frady,* 456 U.S. 152, 167-68

(1982); *United States v. Timmreck*, 441 U.S. 780, 784 (1979); *Regalado v. United States,* 334 F.3d 520, 528 (6th Cir. 2003); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996); *United States v. Walsh*, 733 F.2d 31, 35 (6th Cir. 1984).

An evidentiary hearing is unnecessary if the there are no material issues of fact in dispute or if the record conclusively shows that petitioner Morales is not entitled to relief under § 2255. An evidentiary hearing is not required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or mere conclusions rather than statements of fact. *Amr v. United States*, 280 Fed. Appx. 480, 485, (6th Cir. 2008); *Valentine v. United States*, 488 F.3d 325, (6th Cir. 2007); *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999); *Cordell v. United States*, 2008 WL 4568076, * 2 (E.D. Tenn. Oct. 14, 2008).

Morales bears the burden of pleading and articulating sufficient facts to state a viable claim for post-conviction relief under 28 U.S.C. § 2255. Mere vague conclusions, which are not substantiated by allegations of specific facts with some probability of verity, are not enough to warrant an evidentiary hearing. A § 2255 motion may be dismissed if it only makes vague conclusory statements without substantiating allegations of specific facts and thereby fails to state a viable claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961); *Ryals v. United States*, 2009 WL 595984, * 5 (E.D. Tenn. March 6, 2009); *Stamper v. United States*, 2008 WL 2811902, * 1 (E.D. Tenn. July 18, 2008).

**III.   Facts and Procedural History**

The underlying facts are summarized in the agreed factual basis that was filed when Morales entered his guilty plea and in the presentence investigation report (PSR).

In early 2004, agents of the United States Bureau of Alcohol, Tobacco and Firearms (ATF) began investigating the distribution of cocaine base (crack) by Morales. On March 12, 2004, an ATF confidential informant (CI) went to the residence of Morales and Donald Holloway ("Holloway") located at 107 Oak Street, South Pittsburg, Tennessee. The CI purchased approximately 8 grams of crack cocaine from Morales for $100.

On March 19, 2004, a CI purchased approximately 4 grams of crack cocaine from Morales for $300 in the same vicinity. On this occasion, the CI inquired about purchasing a firearm. Morales told the CI that the police had confiscated one of Morales' firearms during an arrest earlier in the week but Morales had another firearm that the CI could buy.

A CI approached Morales at his residence on March 25, 2004. Morales told the CI to come back in a few minutes. When the CI returned, Morales took the CI to Apartment 23, Mountain View Apartments on Hamilton Avenue in South Pittsburg where the CI purchased approximately 3.5 grams of crack cocaine from Morales for $300. Morales told the CI that Morales would sell 28 grams (1 ounce) of crack cocaine for $1,100. While inside the apartment with Morales, the CI observed a rifle.

On April 2, 2004, search warrants were executed at 107 Oak Street and the Hamilton Avenue apartment in South Pittsburg, Tennessee. The Hamilton Avenue apartment had been identified as the residence of Morales and Holloway. Morales was present when the search warrant was executed at the apartment on April 2, 2004. Inside Morales' bedroom at the Hamilton Avenue apartment, police officers found approximately 15 grams of crack cocaine, a Lorcin .380 caliber pistol, a loaded Lorcin Model L380 ammunition magazine, and $1,100 in United States currency. Officers also found in the bedroom the GED diploma and birth certificate of Morales along with photographs of

his friends and associates. Approximately .5 grams of crack cocaine and two sets of electronic scale typically used by drug traffickers were found in the kitchen. The search at the 107 Oak Street location did not yield any incriminating evidence.

On April 2, 2004, the investigating police officers advised Morales of his *Miranda* rights. Morales admitted that he had purchased the Lorcin .380 caliber pistol a few days prior to the search of the apartment. Morales also stated that for the past three weeks he had smoked an "eight-ball" of crack cocaine daily.

Morales' partner in crime, Holloway, was also arrested on April 2, 2004. During interviews, Holloway admitted that he had been selling and distributing crack cocaine for approximately one to two years. Holloway said that he accompanied Morales on a trip to Nashville, Tennessee, in February 2004, where Morales purchased one-half kilogram of cocaine hydrochloride powder. Holloway said that upon returning to South Pittsburg, he "cooked" the cocaine hydrochloride powder into cocaine base (crack) for Morales. Holloway further stated that Morales had purchased 6.5 ounces of crack cocaine on four different occasions.

On April 27, 2004, a federal grand jury in Chattanooga, Tennessee, returned a three-count indictment against Morales. Assistant Federal Public Defender LaFonda Jones was appointed to represent Morales. Faced with overwhelming incriminating evidence, Morales decided to plead guilty to Counts One and Two of the indictment. Morales did not have a written plea agreement with the government. Count One charged that on April 2, 2004, Morales possessed with the intent to distribute five grams or more of a mixture and substance containing cocaine base (crack), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). Count Two charged that on April 2, 2004, Morales possessed a firearm, the Lorcin handgun, in furtherance of the drug

5

trafficking crime charged in Count One, namely possession with the intent to distribute five grams or more of cocaine base (crack), in violation of 18 U.S.C. § 924(c). In exchange for the guilty plea on Counts One and Two, the United States Attorney agreed to dismiss Count Three.

The Probation Office prepared a PSR calculating that Morales was responsible for the distribution of between 500 grams and 1.5 kilograms of cocaine base (crack) which resulted in a base offense level of 36. After a three-level downward adjustment for acceptance of responsibility, the total offense level was 33. With a criminal history category of IV, and adding the statutory mandatory consecutive sentence of five years (60 months) for the 18 U.S.C. § 924(c) conviction on Count Two, the effective sentencing guideline range for Morales was 248-295 months.

At the sentencing hearing on December 6, 2004, defense counsel Jones objected to the quantity of cocaine base (crack). The government advised the Court that it was no longer relying upon Holloway's statements as evidence of the quantity of cocaine base (crack) attributable to Morales which would result in a base offense level of 28 on the drug trafficking charge. When Morals disputed other drug quantities set forth in the PSR, the Court ordered a recess in the sentencing hearing to allow time for the government to secure testimony on the drug quantity issue.

When the sentencing hearing resumed the United States Attorney advised that, based upon the lab reports, the quantity of cocaine base (crack) for which Morales should be held accountable is 20.2 grams with a base offense level of 28. But because the offense level increased for any amount of crack in excess of 20 grams and given the close margin of 20.2 grams, the United States Attorney agreed to concede that the quantity of crack was less than 20 grams which resulted in a lower offense level of 26. After a three-level reduction for acceptance of responsibility based on the guilty plea, the total adjusted offense level was 23.

6

Based on a total adjusted offense level of 23 with a criminal history category IV, the guideline range for Morales on Count One was 70-87 months. On December 6, 2004, the Court sentenced Morales to 70 months imprisonment on Count One which was at the very bottom of the guideline range. The Court also sentenced Morales to the mandatory 60 months imprisonment on Count Two One. Pursuant to 18 U.S.C. § 924(c)(1)(D)(ii), the Court ordered that the sentence of 60 months imprisonment on Count Two run consecutive to the 70 months on Count One. In sum, the Court imposed a sentence of imprisonment for a total term of 130 months. At the conclusion of the sentencing hearing, the Court orally advised Morales of his right to appeal.

The judgment of conviction was entered on December 14, 2004. A direct appeal was never filed by Morales. Morales now alleges in his § 2255 motion that he requested counsel LaFonda Jones to file a direct appeal but she failed or neglected to do so. In her affidavit, Ms. Jones flatly denies that Morales ever requested that she file a notice of appeal.

On January 12, 2009, the Court granted a motion by Morales to modify and reduce his sentence of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) based on a retroactive application of Amendments 706 and 711 to the Sentencing Guidelines adopted by the Sentencing Commission. U.S.S.G. § 1B1.10. The Court reduced his sentence from 130 months to 125 months imprisonment.

**IV.    Claims in Section 2255 Motion**

Morales makes five claims: (1) counsel was ineffective by not filing a notice of direct appeal as requested by Morales; (2) counsel was ineffective by not making objections to the PSR and the use of his prior juvenile criminal history to calculate the criminal history category under the Sentencing Guidelines; (3) counsel was ineffective by not obtaining a written plea agreement and not advising Morales about how to handle or deal with a plea agreement; (4) the sentences of

7

imprisonment on Counts One and Two should run concurrently, not consecutively; and (5) the Court did not comply with Fed. R. Crim. P. 11 during the rearraignment hearing and his guilty plea.

## V.     Analysis

The Court finds that Morales has not met this burden of showing that he is entitled to relief under 28 U.S.C. § 2255 on any of his claims.  Morales has not established an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. Morales has not presented sufficient facts showing that his Sixth Amendment right to effective assistance of counsel was violated.  Morales also has not established there was a fundamental defect in the criminal proceedings which necessarily resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of his constitutional right to due process of law.

### A.     *Strickland* Test for Ineffective Assistance of Counsel Claims

The Sixth Amendment to the United States Constitution provides that in all criminal prosecutions, the accused shall have to right to assistance of counsel for his defense.  Ineffective assistance of counsel in violation of the Sixth Amendment occurs when an attorney's deficient performance causes actual prejudice to the criminal defendant. *Lockhart v. Fretwell*, 506 U.S. 356, 369 (1993); *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Sowell v. Bradshaw*, 372 F.3d 821, 836 (6th Cir. 2004); *Skaggs v. Parker*, 235 F.3d 261, 266-67 (6th Cir. 2000); *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997); *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996).

*Strickland* established a two-part test for deciding Sixth Amendment claims of ineffective assistance of counsel.  First, Morales must establish that his attorney's performance was deficient. Second, Morales is required to demonstrate that his counsel's deficient performance prejudiced his defense by depriving him of a fair proceeding.  *Strickland*, 466 U.S. at 687; *Sowell*, 372 F.3d at 836-

37; *Griffin*, 330 F.3d at 736; *Smith v. Mitchell,* 348 F.3d 177, 199 (6th Cir. 2003); *Mason v. Mitchell,* 320 F.3d 604, 616 (6th Cir. 2003); *Wickline v. Mitchell,* 319 F.3d 813, 819 (6th Cir. 2003); *Skaggs*, 235 F.3d at 267.

The first prong of the *Strickland* test requires Morales to show that his attorney's representation was deficient, i.e. fell below an objective standard of reasonableness. Morales must show that his counsel made such serious errors that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687-88; *Sowell*, 372 F.3d at 836; *Wickline,* 319 F.3d at 819; *Carter v. Bell*, 218 F.3d 581, 591 (6th Cir. 2000); *Gravely v. Mills*, 87 F.3d 779, 785 (6th Cir. 1996); *Green v. United States*, 65 F.3d 546, 551 (6th Cir. 1995).

The Court's scrutiny of the reasonableness of defense counsel's performance is highly deferential. Counsel is strongly presumed to have rendered adequate legal assistance and to have made all decisions in the exercise of reasonable professional judgment and sound strategy. *Nix v. Whiteside*, 475 U.S. 157, 165 (1986); *Strickland*, 466 U.S. at 689-90 (strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance); *Sowell*, 372 F.3d at 837; *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004); *Mason,* 320 F.3d at 616-17; *Wickline,* 319 F.3d at 819; *Skaggs*, 235 F.3d at 268; *Austin*, 126 F.3d at 848; *West*, 73 F.3d at 84; *O'Hara v. Wigginton*, 24 F.3d 823, 838 (6th Cir. 1994).

The second prong of the *Strickland* test requires Morales to show that his attorney's deficient performance caused actual prejudice to his case. *O'Hara*, 24 F.3d at 828; *Lewis v. Alexander*, 11 F.3d 1349, 1352 (6th Cir. 1993). The prejudice component focuses on the question whether counsel's deficient performance renders the result of the criminal proceeding unreliable or fundamentally unfair. *Lockhart*, 506 U.S. at 372; *Skaggs*, 235 F.3d at 270. The Court must

9

determine whether the performance of defense counsel was so manifestly deficient and ineffective that defeat was snatched from the hands of probable victory. *West*, 73 F.3d at 84; *Lewis*, 11 F.3d at 1352; *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc).

To satisfy the prejudice element, Morales must show there is a reasonable probability that, but for the errors and deficient performance of his attorney, the result of the criminal proceeding would have been different and more favorable to him. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the criminal proceeding. *Strickland*, 466 U.S. at 693-94; *Humphress*, 398 F.3d at 859; *Campbell*, 364 F.3d at 730; *Griffin*, 330 F.3d at 736; *Mason,* 320 F.3d at 617; *Wickline,* 319 F.3d at 819; *Skaggs*, 235 F.3d at 270-71; *Carter*, 218 F.3d at 591; *Arredondo*, 178 F.3d at 782; *Austin*, 126 F.3d at 848; *West*, 73 F.3d at 84. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

Morales was convicted and sentenced based on his guilty plea. A knowing and voluntary guilty plea made by a defendant who has been advised by competent counsel may not be collaterally attacked. *United States v. Broce*, 488 U.S. 563, 574 (1989), citing *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). A defendant may show that his guilty plea was not a voluntary and intelligent act because his attorney rendered ineffective assistance of counsel in violation of the Sixth Amendment. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Ray v. Rose*, 491 F.2d 285, 289-90 (6th Cir. 1974); *Beasley v. United States*, 491 F.2d 687 (6th Cir. 1974).

Where a Sixth Amendment claim of ineffective assistance of counsel is made in a § 2255 proceeding in the context of a guilty plea, the prejudice prong of the *Strickland* test is adjusted.

10

Morales is required to show there is a reasonable probability that, but for his counsel's errors and deficient performance, Morales would not have pleaded guilty to Counts One and Two of the indictment, and he would have insisted on going to trial on all three counts in the indictment. *Hill*, 474 U.S. at 58-59; *Humphress*, 398 F.3d at 858-59; *Griffin*, 330 F.3d at 736-37; *Miller v. Straub*, 299 F.3d 570, 578 (6th Cir. 2002); *Ludwig v. United States*, 162 F.3d 456, 458 (6th Cir. 1998); S*ullivan v. United States*, 11 F.3d 573, 576 (6th Cir. 1993); *United States v. Lujan*, 2006 WL 2706790, \*\* 5-10 (E.D. Tenn. Sept. 15, 2006); *Mayes v. United States*, 93 F. Supp.2d 882, 890 (E.D. Tenn. 2000). In discussing this standard of prejudice, the Supreme Court in *Hill* emphasized the important fundamental interest in the finality of guilty pleas. *Hill*, 474 U.S. at 58; *see also Mayes*, 93 F. Supp.2d at 890.

Morales does not allege or claim that he is actually innocent and not guilty on the criminal offenses charged in Counts One and Two. Morales does not contend there is a reasonable probability that, but for his counsel's alleged errors and deficient performance, Morales would not have pleaded guilty to Counts One and Two, and he would have insisted on going to trial on all three counts in the indictment. Instead, Morales focuses his attention primarily on the sentencing phase of his case. Morales mistakenly believes that his counsel should have been able to work magic and somehow get him a shorter term of imprisonment. This contention is entirely without merit. The record shows that attorney LaFonda Jones provided effective assistance of counsel and it was impossible for Morales to obtain a get a shorter term of imprisonment. The Court sentenced Morales at the very bottom of the applicable guideline range.

### B. <u>Direct Appeal Not Filed</u>

Morales alleges that on the date of his sentencing, December 6, 2004, he orally requested

11

counsel Jones to file a direct appeal on his behalf concerning the length of the sentence of imprisonment.

In her sworn affidavit, Ms. Jones states the following. She has reviewed her case file and notes. At no time after sentencing or within the appropriate time frame after the judgment of conviction was entered on December 14, 2004, did Morales request Jones to file a notice of appeal. If Morales had made such a request, then Jones would have gone ahead and filed a notice of appeal. Jones unequivocally states: "I was never instructed by Mr. Morales to file a notice of appeal for him." Jones' file on this case reflects that on November 7, 2005, she received a letter from Morales indicating that Morales was trying to fight his case and sentencing through appeal, and Morales requested that Jones mail him copies of certain documents.

Based on the facts and circumstances in the underlying criminal proceeding, including the events that occurred during the sentencing phase, the Court finds the affidavit of attorney Jones to be completely credible, true, and accurate. Jones' affidavit is much more credible than the bare, self-serving affidavit submitted by Morales. *Cf. Garner v. United States*, 2006 WL 2585066, * 9 (E.D. Tenn. Sept. 5, 2006); *Houston v. United States*, 2006 WL 13213, ** 2-3 (E.D. Tenn. Jan. 3, 2006). The Court finds that at no time did Morales ever request or instruct counsel Jones to file a notice of direct appeal for him. One reason the Court finds Jones' affidavit to be substantially more credible is because, as far as the Court can determine from the record, there were no viable, nonfrivolous grounds or reasons for Morales to take an appeal from the judgment of conviction and sentence. Morales received every break and measure of leniency that was reasonably possible. Ms. Jones provided Morales with effective, zealous legal representation. Ms. Jones was able to achieve a favorable result for Morales, especially with regard to sentencing and the length of the term of

12

imprisonment.

If a criminal defendant actually requests or specifically instructs his counsel to file a direct appeal from the judgment of conviction, and if counsel thereafter fails to file the appeal, it constitutes ineffective assistance of counsel and is a *per se* violation of the defendant's Sixth Amendment right to counsel, regardless of whether the appeal would have been successful or futile. With regard to the failure of defense counsel to comply with a criminal defendant's specific request or instruction to file a direct appeal, the likelihood of success on the appeal is not a factor in determining whether a defendant has received ineffective assistance of counsel. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *Carrion v. United States*, 107 Fed. Appx. 545, 546-47 (6th Cir. 2004); *Cummings v. United States*, 84 Fed. Appx. 603, 605 (6th Cir. 2003); *Johnson v. United States*, 181 F.3d 101 (Table, text in 1999 WL 357831, * 2 (6th Cir. May 24, 1999); *Gardner v. United States*, 178 F.3d 1294 (Table, text in 1999 WL 232693, * 3 (6th Cir. April 15, 1999); *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998); *Garner*, 2006 WL 2585066, * 9 (E.D. Tenn. Sept. 5, 2006); *Lowdermilk v. United States*, 2005 WL 3560640, ** 4-5 (E.D. Tenn. Dec. 28, 2005).

This line of precedent does not afford any relief to Morales here. The Court finds that at no time did Morales ever request or instruct counsel Jones to file a notice of direct appeal for him. In making this determination, the Court relies on the affidavit of attorney Jones and the reasonable inferences that can be drawn from the criminal proceedings in Morales' case. In 28 U.S.C. § 2255 proceedings, the Court may rely on and give credit to defense counsel's affidavit that a defendant did not request or instruct counsel to file a direct appeal. *Cummings*, 84 Fed. Appx. at 605; *Cross v. United States*, 73 Fed. Appx. 864, 865 (6th Cir. 2003); *Odom v. United States*, 229 F.3d 1153 (Table, text in 2000 WL 1175598, * 3 (6th Cir. 2000)); *Munoz v. United States*, 2008 WL 2339456,

13

* 3 (W.D. Mich. June 4, 2008); *United States v. Walls,* 2008 WL 927926, \*\* 11-12 (E.D. Ky. April 4, 2008); *Schnepp v. United States*, 2007 WL 2984198, * 2 (W.D. Mich. Oct. 12, 2007); *Garner*, 2006 WL 2585066, \*\* 9-10; *Houston*, 2006 WL 13213, at \*\* 2-3; *Robinson v. United States*, 2005 WL 2417045, \*\* 3-4 (E.D. Tenn. Sept. 30, 2005).

Morales argues that the alleged failure of attorney Jones to file a direct appeal constitutes ineffective counsel and caused him to suffer prejudice on the theory that, if an appeal had been filed, Morales may have been able to benefit from *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), and obtain a shorter sentence of imprisonment. In other words, Morales contends that attorney Jones in mid-December 2004 should have anticipated and predicted the Supreme Court's future decision in *Booker* in the wake of *Blakely*.

This argument fails. The Supreme Court rendered its decision in *Blakely* on June 24, 2004. This District Court entered the judgment of conviction against Morales on December 14, 2004. *Blakely* did not involve the United States Sentencing Guidelines and it had no impact on sentencing Morales. *United States v. Koch*, 383 F.3d 436 (6th Cir. 2004) (en banc). The Supreme Court subsequently rendered its decision in *Booker* on January 12, 2005. It was not ineffective assistance of counsel for attorney Jones in December 2004 to not anticipate and predict the Supreme Court's future decision in *Booker* in the wake of *Blakely*. The Sixth Circuit and this District Court in the Eastern District of Tennessee have rejected similar ineffective assistance of counsel claims based on *Booker* and its progeny. Under the first prong of the *Strickland* test, an attorney's conduct is not deficient and does not fall below an objective standard of reasonableness where the attorney did not anticipate and predict *Booker*. *United States v. Burgess*, 2005 WL 1515327, \*\* 7-9 (6th Cir. June 22, 2005); *United States v. Cordell*, 2008 WL 4568076, * 10 (E.D. Tenn. Oct. 14, 2008); *Crisp v.*

14

*United States*, 2006 WL 2548322, \*\* 10-11 (E.D. Tenn. Aug. 30, 2006); *Bolt v. United States*, 2006 WL 849854, \*\* 5-6 (E.D. Tenn. March 31, 2006); *Sloan v. United States*, 2006 WL 686875, \*\* 4-5 (E.D. Tenn. March 16, 2006); *Farmer v. United States*, 2005 WL 2811885, \*\* 4-6 (E.D. Tenn. Oct. 26, 2005); *United States v. Call*, 2005 WL 1840258, \*\* 4-7 (E.D. Tenn. Aug. 2, 2005).

### C. No Written Plea Agreement

Morales contends his counsel was ineffective by not negotiating a written plea agreement and failing to advise Morales about his "right" to a written plea agreement. This ineffective assistance of counsel claim is without merit.

Morales fails to satisfy either prong of the *Strickland* test. The Court finds that the performance of his counsel was objectively reasonable under the circumstances and the absence of a written plea agreement did not cause Morales to suffer any actual prejudice. The Court is aware that numerous federal criminal cases result in guilty pleas and the government often agrees to dismiss other criminal charges in exchange for guilty pleas all without the execution of formal, written plea agreements. There is no constitutional "right" to a written plea agreement.

Morales fails to show there is any reasonable basis for believing that it was in his best interest to have a formal, written plea agreement. Morales does not explain how or why the result in his criminal proceeding would have been any better or more favorable to him if there had been a written plea agreement. The oral agreement or understanding between Morales and the government resulted in Count Three of the indictment being dismissed which was certainly to his benefit. As a result of his guilty plea, Morales received a three-level reduction in his offense level under the Sentencing Guidelines for acceptance of responsibility. The agreed factual basis for his guilty plea left the issue of drug quantity open so that counsel for Morales was able to successfully

raise an objection about drug quantity during the sentencing phase and get a lower term of imprisonment for Morales on Count One. The only other provisions a standard written plea agreement might have contained would not have been favorable to Morales, for example, an agreement by Morales waiving his right to file a 28 U.S.C. § 2255 motion for post-conviction relief.

### D. Use of Juvenile Criminal History

Morales claims his counsel was ineffective for not objecting to the PSR and the use of his prior juvenile criminal adjudications to calculate his criminal history category under the Sentencing Guidelines. Morales asserts that he asked counsel LaFonda Jones to object to the use of his juvenile criminal adjudications but she failed to do so. According to Morales, his juvenile criminal adjudications were "sealed" under Tennessee state law and irrelevant to the federal criminal proceeding. Morales argues that if his juvenile criminal adjudications had been excluded from consideration, his sentence on Count One would have been lower because he would have only had a criminal history category II instead of IV. On page 6 of his § 2255 motion, Morales states: "Mr. Morales was enhanced 6 points from his juvenile past, which was supposed to have been sealed and expunged from his record in 2003. Mr. Morales was also enhanced 1 point for being released from a institution within a year, in which he'd been free of incarceration over a year, and is irrelevant to his adult life. (expunged)."

Generally, sentencing challenges cannot be raised for the first time in a § 2255 proceeding. *Weinberger*, 268 F.3d at 351; *Grant v. United States*, 72 F.3d 503, 505-06 (6th Cir. 1996). Sentencing challenges ordinarily must be made on direct appeal or they are waived. *Weinberger*, 268 F.3d at 351. However, sentencing challenges that cannot be otherwise reviewed for the first

16

time in a § 2255 proceeding can be reviewed as part of a successful claim that defense counsel provided ineffective assistance of counsel in violation of the Sixth Amendment. *Id.*

The Court concludes that this ineffective assistance of counsel claim must be denied. Morales cannot satisfy either prong of the *Strickland* test. Morales cannot show that his counsel's conduct was deficient and caused him to suffer actual prejudice. Even if counsel for Morales had raised an objection to the PSR and the use of the juvenile criminal adjudications, the objection would have been denied as frivolous.

Under the United States Sentencing Guidelines, juvenile criminal history, i.e. criminal offenses committed by a defendant prior to reaching the age of 18 years old, are taken into consideration and assigned points when calculating the correct criminal history category. U.S.S.G. § 4A1.2(d). It is irrelevant whether Morales' juvenile adjudications may have been sealed or expunged under Tennessee state law when he reached 18 years of age and became an adult. Sentencing in federal criminal cases is governed by the laws of the United States, not Tennessee state law. The use of Morales' juvenile criminal adjudications under U.S.S.G. § 4A1.2(d) was not an error. *United States v. Hall*, 279 Fed. Appx. 359, 367-68 (6th Cir. 2008); *Phillips v. United States*, 238 Fed. Appx. 89, 94 (6th Cir. 2007); *United States v. Williams*, 176 F.3d 301, 311-12 (6th Cir. 1999); *United States v. Hanley*, 906 F.2d 1116, 1120 (6th Cir. 1990); *United States v. Kirby*, 893 F.2d 867, 868 (6th Cir. 1990).

The Court has reviewed the PSR and the use of the juvenile criminal adjudications to calculate his points and criminal history category under U.S.S.G. § 4A1.2(d). The PSR is correct and complies with U.S.S.G. § 4A1.2(d). There was no valid basis for Morales or his counsel to raise an objection to the PSR at sentencing.

### E. Sentences Run Consecutively

Morales contends the Court should have ordered that his sentences of imprisonment on Counts One and Two run concurrently and not consecutively. He does not bother to cite any relevant law or legal precedent to support this contention. It is not clear whether Morales is claiming that this was the result of alleged ineffective assistance of counsel or merely an error on the Court's part.

In any event, this claim is frivolous. It was not error for the Court to order that the sentences of imprisonment on Counts One and Two run consecutively. Morales was convicted on Count Two of a firearm offense in violation of 18 U.S.C. § 924(c). 18 U.S.C. § 924(c)(1)(D)(ii) provides it is mandatory that the sentence of imprisonment on the Count Two § 924(c) firearm offense run consecutively, not currently, to the sentence on the Count One drug-trafficking conviction. This Court never had the discretion and authority to run the sentences of imprisonment for Morales on Counts One and Two concurrently. 18 U.S.C. § 924(c)(1)(D)(ii).

Morales further contends that the prosecutor violated his constitutional rights by running the sentences of imprisonment consecutively because Morales was charged with Counts One and Two in the same indictment. It is alleged that the prosecutor breached a plea agreement by seeking consecutive rather than concurrent sentences.

These contentions are frivolous. The United State Attorney did not violate any of Morales' constitutional rights. Counts One and Two of the indictment were properly joined together in a single indictment pursuant to Fed. R. Crim. P. 8(a). Morales cannot show that the prosecutor breached or violated a plea agreement because there is no plea agreement in his case. Morales offers no facts and no substantive proof to show that the United States Attorney breached an oral

18

agreement or promise with respect to the sentences on Counts One and Two running concurrently and not consecutively. The United States Attorney had no reason to recommend to the Court that the sentences on Counts One and Two run concurrently and not consecutively. As a matter of law, it was impossible for the Court to order that the sentences run concurrently. Under 18 U.S.C. § 924(c)(1)(D)(ii), it is mandatory that the sentence of imprisonment on the § 924(c) firearm offense in Count Two run consecutively to the sentence on the Count One drug-trafficking conviction.

### F. Court Complied With Fed. R. Crim. P. 11

In his brief accompanying the § 2255 motion, Morales makes a vague, conclusory claim that the Court did not follow and comply with Fed. R. Crim. P. 11 during the rearraignment hearing and his guilty plea. The claim presented by Morales is confusing and difficult to decipher. Although Morales generally mentions some provisions of Rule 11, he fails to allege any facts to establish and support a viable claim for post-conviction relief under 28 U.S.C. § 2255. Morales does not present any facts showing that the Court did not follow and comply with Fed. R. Crim. P. 11.

The Court is not persuaded that there has been any violation of the procedures provided in Rule 11. The record shows that the Court properly followed and complied with Fed. R. Crim. P. 11 during the rearraignment hearing and Morales' guilty plea. Any § 2255 claim predicated on a purported violation of Fed. R. Crim. P. 11 is frivolous.

**VI.    Conclusion**

Accordingly, the motion by federal prisoner Michael Morales for post-conviction relief pursuant to 28 U.S.C. § 2255 will be **DENIED and DISMISSED WITH PREJUDICE**. A separate judgment will enter.

SO ORDERED.

ENTER this the 1st day of May, 2009.

                               */s/ R. Allan Edgar*
                               R. ALLAN EDGAR
                         UNITED STATES DISTRICT JUDGE